ALBERT SCHER, PLAINTIFF-APPELLANT, v. HARTFORD FIRE INSURANCE CO., A CORPORATION OF THE STATE OF CONNECTICUT, DEFENDANT-RESPONDENT.

Submitted October 6, 1942—Decided February 2, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellant, *Levy & Krauss* (*Walter G. Winne,* of counsel).

For the defendant-respondent, *Cox & Walburg* (*William H. D. Cox,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment for the defendant by direction of the learned trial judge at the close of the trial in the Essex County Court of Common Pleas.

The plaintiff, Albert Scher, held a lease of premises in Newark for a term from June 1st, 1940, to May 31st, 1955, the rent for the first five years being $1,000 a year. He conducted a dance hall on the premises and sold ice cream, food and soft drinks. The building had originally been built and used as a motion picture theatre. The plaintiff, and his partner whose interest he later purchased, remodeled the building by erecting a level floor in place of a sloping one and made other changes suitable to the purpose of their business. These changes cost a substantial sum of money. The plaintiff purchased from the Hartford Fire Insurance Co., defendant, a policy of insurance to protect him against rental loss in the event of cancellation of the lease by reason of fire. His allegation was that the fair rental value of the premises was substantially in excess of what his lease provided for and that he suffered a loss insured against when the lease was canceled. The insurance is known as a leasehold form of policy.

Early in the morning of September 17th, 1941, a fire, which the parties stipulated was of incendiary origin, occurred on the premises and which did considerable damage to the interior of the building. The landlord was promptly notified of the fire and was requested by the plaintiff to make necessary repairs to the building. After negotiations concerning the extent of damage and the cost of repairs the landlord under date of October 11th, 1941, notified plaintiff in writing that the building "has sustained such destruction as renders it necessary in the opinions of the landlords to rebuild the same, and this lease therefore, on the option of the landlords,

is hereby terminated." This action was taken pursuant to paragraph 9 of the lease which reads as follows:

"That the tenants shall, in case of fire, give immediate notice thereof to the landlords, who shall thereupon cause the damage to be repaired forthwith and if the damage shall be so extensive as to render the premises untenantable, the rent shall be proportionately paid up to the time of such damages and shall from thenceforth cease until such time as the premises shall be put in good order by the landlords, which shall be done with reasonable dispatch, but in case the destruction of the building by fire, or otherwise, shall be such as to render it necessary, in the opinion of the landlords, to rebuild the same, this lease shall, at the option of the landlords, and upon payment of the proportionate rent up to the time of such destruction, then and from thenceforth terminate."

The policy of insurance was written expressly subject to that clause.

The undisputed fact is that the building was not so badly damaged as to require rebuilding and that it could be repaired and restored to its condition before the fire for about $5,000. The attorney who represented the landlords throughout in this matter testified that the building was not repaired because in the opinion of the landlords it would be economically unsound to do so because the building was old, was a monstrosity, triangular in shape and that a more advantageous use be made of the property.

It is the contention of the plaintiff that the cancellation of the lease by the landlords was clearly within their rights under the terms of the lease; that in the absence of fraud or collusion, which was not claimed, the landlord was justified in having the opinion that it was necessary because of the fire damage to rebuild. The lease originally gave the plaintiff an option to purchase the property for $20,000 but this was later relinquished by plaintiff. However, it is evidence of the value of the property. There was testimony that the building was worth various amounts from $12,000 to $22,000. There was testimony that the fair rental was in excess of the rental provided for in the lease. There was a fact question presented as to damages suffered by the plaintiff because of the cancellation.

However the question on which the case turns is whether the landlord had any justification for cancellation. Or stated in another way, was the cancellation due to the fire. The construction of this policy which was made subject to the provisions of the lease regarding cancellation by the landlord was, we conclude, under facts not in dispute, a question of law for the court and not one of fact for the jury. The lease provided that "in case the *destruction* of the building by fire, or otherwise, shall be such as to render it *necessary,* in the opinion of the landlords, to rebuild the same, this lease shall, at the option of the landlords, and upon payment of the proportionate rent up to the time of such *destruction,* then and from thenceforth terminate." While it is true that damage of $5,000 on the building is not inconsiderable it cannot be said to have been *destroyed.* The proofs were that it was not destroyed and that it could be readily restored by repairs. Rebuilding was not necessary. In the light of the uncontradicted testimony given by the landlord's attorney that the building was old, a monstrosity, triangular in shape, that it had been hard to rent and that it could be put to a more profitable use entirely negatives the theory that the building was so badly damaged as to make rebuilding necessary. The landlords may not escape their obligation to repair because in their judgment it would be unwise to invest the money necessary because of the stated conditions. The plaintiff's loss was due to the unwarranted action by the landlords and not due to the fire loss within the meaning of the policy.

We conclude therefore that the trial court was right in construing the lease to mean that the landlords did not have the right to cancel the lease under the proofs. The policy was made subject to this provision of the lease and so there can be no liability under the policy for damage because of cancellation of the lease where the cancellation was in violation of its provisions.

The judgment under review will be affirmed, with costs.